NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLORIA ESPERANZA PORTILLO DE SANCHEZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-71900 <br><br> Agency No. A200-771-406 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016**

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Gloria Esperanza Portillo de Sanchez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

her appeal from an immigration judge's decision denying her application for

asylum and withholding of removal.   We have jurisdiction under 8 U.S.C. § 1252.

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

We review de novo questions of law and for substantial evidence the agency's factual findings. *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We deny the petition for review.

Substantial evidence supports the agency's determination that Portillo de Sanchez failed to establish a nexus between her past experiences or the future harm she fears in El Salvador and a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2008) (under the REAL ID Act, an applicant must prove a protected ground is at least 'one central reason' for persecution); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We reject Portillo de Sanchez's due process contention that the agency applied an incorrect legal standard in the analysis of her claims. *See Lata v. INS*, 204 F.3d 1241, 1046 (9th Cir. 2000) (requiring error to prevail on a due process claim). Thus, her asylum and withholding of removal claims fail. *See Zetino*, 622 F.3d at 1016.

**PETITION FOR REVIEW DENIED.**